IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DESHEA FAULK,

    Petitioner,

v.                                                                                                    Civil Action No. 1:14-cv-108
                                                                                                       (Judge Keeley)

RUSSELL A. PERDUE,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 23, 2014, the *pro se* petitioner, Deshea Faulk, ("the petitioner") filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On June 30, 2014, he paid the $5.00 filing fee. The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Middle District of North Carolina. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On September 26, 2005, a federal grand jury in the Middle District of North Carolina returned a four count indictment against the petitioner and one other co-defendant. The petitioner was indicted for obstructing, delaying, and affecting commerce by robbery by means of actual and threatened force, violence, and fear of injury in violation of 18 U.S.C. §§ 1951 and 2; carrying and using a firearm, by brandishing, during and in relation to a crime of violence for which he could be prosecuted in a court of the United States in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and

---

[1] Petitioner's original case can be located on Pacer at 1:05-cr-325 for the United States District Court for the Middle District of North Carolina.

possessing a firearm after having been convicted of three violent felonies committed on occasions different from one another in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and 2. The petitioner later pled guilty to the first two charges with the third charge being dismissed. On April 11, 2006, the petitioner was sentenced to 178 months of imprisonment on the first charge to be served consecutively with a sentence of 84 months of imprisonment on the second charge for a total of 262 months imprisonment. On August 29, 2006, the petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals which was dismissed on April 6, 2007.

On July 23, 2008, the petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255. On March 30, 2011, the district court denied the petitioner's motion for being filed beyond the one-year limitation period, and declined to issue a certificate of appealability. On April 8, 2011, the petitioner filed a Notice of Appeal to the Fourth Circuit Court of Appeals. On October 11, 2011, the Court of Appeals denied the petitioner a certificate of appealability and dismissed the appeal.

On June 23, 2014, the petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 with this Court. The petitioner attacks the validity of his conviction and sentence asserting that he is actually innocent of possessing or brandishing a firearm.

## II. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

2

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new

3

rule is not one of constitutional law.[2]
Id. at 333-34.

In this case, the petitioner, alleges his "actual" innocence of the crime for which he was convicted. More specifically, the petitioner sets forth an argument that he "was not informed[ed] or had knowledge that codefendant (sic) had a firearm" and he "did not conspire or had knowledge that codefendant (sic) was going to rob the neighborhood convience (sic) store." (Docket No. 1 at 5-6.) The petitioner further alleges that his counsel was "ineffective for failing to conduct a reasonable pretrial investigation and improperly advising [him] to plead guilty to a sentence that would have never been issued by the Court." (Docket No. 2 at 9.) All of these challenges go to the legality of his conviction and not to how his sentence of 262 months is being executed.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and third elements of Jones, violation of 924(c)(1)(A) remains a criminal offense. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Furthermore, the petitioner's attempt to invoke the holding in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) is misplaced. In McQuiggin, the Court held that a prisoner filing a first-time

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

4

federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the Schlup[3] standard. 133 S.Ct. At 1928. Thus, McQuiggin held that a claim of actual innocence can overcome the expiration of the statute of limitations only for an untimely **first** habeas application. 133 S.Ct. At 1928. The key to understanding McQuiggin is that the Supreme Court concluded that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. See Id. at 1934. Notably for the petitioner, the McQuiggin Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain[]" the "actual innocence" exception with respect to second or successive petitions. See Id. at 1933-34. Accordingly, nothing in McQuiggin allows the petitioner attack his 924(c) conviction through successive §2244 or §2255 motions, let alone via a § 2241 motion.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

---

[3]Schlup v. Delo, 513 U.S. 298 (1995).

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 15, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE