IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DESHEA FAULK,

      Petitioner,

v.                //       CIVIL ACTION NO. 1:14CV108
                                      (Judge Keeley)

RUSSELL A. PERDUE,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER DISMISSING CASE WITH PREJUDICE</u>

Pending before the Court is the Amended Report and Recommendation ("R&R") of the Honorable John S. Kaull, United States Magistrate Judge (ret.), regarding a petition pursuant to 28 U.S.C. § 2241, filed by the <u>pro se</u> petitioner, Deshea Faulk ("Faulk"). Also pending are three motions by Faulk for leave either to amend or supplement his petition. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety (dkt. no. 12), **OVERRULES** Faulk's objections (dkt. no. 14), **DENIES as MOOT** his motion to amend or correct his petition (dkt. no. 17), and **DENIES as MOOT** his motion to supplement his petition (dkt. no. 18). Further, the Court **GRANTS** Faulk's supplemental motion to amend or correct to the extent it adds a claim under <u>Johnson v. United States</u> to his § 2241 petition, but **DENIES** that additional claim.

<u>I. BACKGROUND</u>

Faulk pleaded guilty in the District Court for the Western District of North Carolina to one count of obstructing, delaying,

**MEMORANDUM OPINION AND ORDER DISMISSING CASE WITH PREJUDICE**

and affecting commerce by robbery by means of actual and threatened force, violence, and fear of injury, and one count of carrying and using a firearm, by brandishing, during and in relation to a crime of violence.[1] The district court determined that Faulk was a career offender and sentenced him to 178 months of imprisonment on the first charge and a consecutive sentence of 84 months of imprisonment on the second charge, for a total sentence of 262 months of imprisonment. On August 29, 2006, he filed a notice of appeal with the Fourth Circuit Court of Appeals, which that court dismissed on April 6, 2007.

On July 23, 2008, Faulk filed a Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255. The sentencing court dismissed Faulk's petition as untimely and also declined to issue a certificate of appealability. Thereafter, on April 8, 2011, Faulk filed a Notice of Appeal to the Fourth Circuit, which that court denied on October 11, 2011.

Following that, on June 23, 2014, pursuant to 28 U.S.C. § 2241, Faulk filed the instant petition in this Court, asserting that, in light of new evidence, he could establish a credible claim

---

[1]Faulk's original case can be located on Pacer at 1:05-cr-325 for the United States District Court for the Middle District of North Carolina.

<u>**MEMORANDUM OPINION AND ORDER DISMISSING CASE WITH PREJUDICE**</u>

of actual innocence (dkt. nos. 1 and 2). Magistrate Judge Kaull recommended that the Court deny Faulk's petition with prejudice (dkt. no. 12). In the R&R, he determined that § 2241 was an improper vehicle by which Faulk could challenge his sentence. He specifically concluded that Faulk was barred from bringing his § 2241 petition pursuant to the savings clause of § 2255 based on his failure to demonstrate that his remedy under § 2255 was inadequate or ineffective. <u>Id.</u>

On September 2, 2014, Faulk filed his objections to the R&R, in which he reiterated the same arguments already rejected by the magistrate judge (dkt. nos. 12, 14). He insisted that Magistrate Judge Kaull had failed to consider new evidence he had presented, and that, in light of this new evidence, "no juror acting reasonable [sic] would have voted to find him guilty beyond a reasonable doubt" (dkt. no. 14).

Subsequently, Faulk filed three motions for leave either to amend or supplement his petition, contending that, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), two of his prior criminal convictions were for offenses that no longer qualify as predicate offenses for purposes of his classification as a career offender (dkt. nos. 17, 18, 20).

## II. MAGISTRATE JUDGE KAULL'S R&R

**A.    Standard of Review**

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. Mar. 5, 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimants right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

**MEMORANDUM OPINION AND ORDER**

---

Absent specific objections, the Court reviews the magistrate judge's conclusions only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 414 F.3d 310, 315 (4th Cir. 2005). The absence of specific objections also constitutes a waiver by the petitioner of any appellate review of the factual and legal conclusions. See Alvarez v. O'Brien, 2013 WL 3812088 at *1 (N.D. W.Va. July 22, 2103) (citing United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984)).

B.  **Discussion**

Faulk contends that the R&R misconstrued his claim of actual innocence (dkt. no. 14). He asserts that, in light of new evidence, no juror would have found him guilty beyond a reasonable doubt. Id. Although Faulk continues to claim that he had no knowledge his co-defendant was committing a robbery or had a firearm, he has not provided any new evidence.[2] Id. Notably, Faulk's objections incorporate and repeat arguments presented in his original petition

---

[2] He does offer, however, a portion of a transcript in which the judge and prosecutor note that it was actually Faulk's co-defendant who owned the firearm. Besides the fact that this was information available prior to his first § 2255 petition, Faulk did not need to own the firearm to possess, use, or brandish it in violation of the law. He simply conflates ownership with possession.

and addressed in the R&R. He therefore has failed to specifically object to the R&R. <u>See</u> <u>Phillips v. Astrue</u>, No. 6:10CV53, 2011 WL 5086851, at *2 (W.D. Va. Oct. 25, 2011) ("General objections to a magistrate judge's report and recommendation reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object.").

The gravamen of Faulk's objection is a reassertion that he is actually innocent, which allows him to pass through the gateway of the § 2255 savings clause. He cites to both <u>McQuiggan v. Perkins</u>, 133 S. Ct. 1924 (2013), and <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), both of which he previously discussed in his § 2241 petition. What he ignores is Magistrate Judge Kaull analis of these cases in the R&R, which concluded that they only support a claim of actual innocence as applied to a petitioner's first § 2255 petition (dkt. no. 12 at 4-5). The Court agrees with this conclusion. Ultimately, Faulk never objected to the reasoning of Judge Kaull or his application of the precedent in those cases. Rather, he simply reiterated a conclusory statement that they should provide him relief.

Accordingly, finding no clear error, the Court **ADOPTS** the R&R in its entirety.

## III. Faulk's Motions to Amend, Correct, and Supplement

### A.  Background

On July 21, 2015, well after objecting to the R&R, Faulk moved
for leave to amend or correct his § 2241 petition (dkt. no. 17),
asserting that, under <u>Johnson v. United States</u>, 135 S. Ct. 2551
(2015), two of his prior criminal convictions no longer qualify as
predicate offenses under U.S.S.G. § 4B1.1(a)(3), which provides
enhanced sentencing for career offenders. On July 28, 2015, Faulk
filed a substantively identical motion for leave to supplement his
petition (dkt. no. 18). Finally, on November 19, 2015, he filed a
motion supplementing his petition, raising the same claim, albeit
with slightly more detail (the "final motion to amend") (dkt. no.
20). The Court **DENIES as MOOT** Faulk's first two motions to amend or
correct his petition because they are duplicative (dkt. nos. 17 and
18), and **GRANTS** his final motion to amend to the extent it adds the
claim under <u>Johnson</u> to his § 2241 petition.

### B.  Applicable Law

A petition brought pursuant to 28 U.S.C. § 2255 is the
exclusive remedy for testing the validity of federal judgments and
sentences, unless the petitioner can show that the remedy is
"inadequate or ineffective." <u>In re Jones</u>, 226 F.3d 328, 333 (4th

Cir.2000); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc)
(holding that "[t]hose convicted in federal court are required to
bring collateral attacks challenging the validity of their judgment
and sentence by filing a motion to vacate sentence pursuant to [§
2255]"). Only when a petitioner demonstrates that § 2255 is
inadequate or ineffective to test the legality of his detention may
he then pursue relief under § 2241. <u>See</u> 28 U.S.C. § 2255(e); <u>In re
Jones</u>, 226 F.3d at 332; and <u>In re Vial</u>, 115 F.3d at 1194.

The Fourth Circuit has established a three-prong test to
determine whether the remedy available under § 2255 is inadequate
or ineffective, which asks whether

> (1) at the time of conviction, settled law of this
> circuit or the Supreme Court established the legality of
> the conviction; (2) <u>subsequent to the prisoner's direct
> appeal and first § 2255 motion, the substantive law
> changed such that the conduct of which the prisoner was
> convicted is deemed not to be criminal</u>; and (3) the
> prisoner cannot satisfy the gate-keeping provisions of §
> 2255 because the new rule is not one of constitutional
> law.

<u>In re Jones</u>, 226 F.3d at 333–34 (emphasis added). Importantly, "the
remedy afforded by § 2255 is not rendered inadequate or ineffective
merely because an individual has been unable to obtain relief under
that provision, or because an individual is procedurally barred
from filing a § 2255 motion." <u>In re Vial</u>, 115 F.3d at 1194 n. 5.

**MEMORANDUM OPINION AND ORDER**

## C.  Discussion

Here,  because  Faulk  is  challenging  the  validity  of  his
sentence, rather than its execution, he is seeking a remedy that is
cognizable under § 2255, not § 2241. Moreover, Faulk was convicted
of  carrying  and  using  a  firearm,  by  brandishing,  during  and  in
relation  to  a  crime  of  violence  in  violation  of  18  U.S.C.  §
924(c)(1)(A)(ii),  which  remains  a  crime.  Accordingly,  he  cannot
meet the second prong of <u>In re Jones</u> and therefore cannot establish
that § 2255 is inadequate or ineffective to test the legality of
his detention. Consequently, Faulk's § 2241 is improperly filed and
cannot provide him the relief he seeks.

### IV. CONCLUSION

For the reasons discussed, the Court:

1.    **ADOPTS** the R&R in its entirety (dkt. no. 12),

2.    **DENIES as MOOT** Faulk's motion to amend or correct his
      petition (dkt. no. 17);

3.    **DENIES as MOOT** his motion to supplement his petition
      (dkt. no. 18);

4.    **GRANTS** his supplemental motion to amend or correct his
      petition only insofar as it adds a claim for relief under
      <u>Johnson</u> (dkt. no. 20);

5.    **DENIES** Faulk's § 2241 petition, including his additional

claim for relief under <u>Johnson</u> (dkt. nos. 1 and 20); and

6.    **ORDERS** that this case be **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the <u>pro se</u> petitioner, certified mail, return receipt requested.  The Clerk is further directed to enter a separate judgment order and to remove this case from its active docket.

Dated: March 31, 2016.


<u>/s/ Irene M. Keeley</u>
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE